```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```
_____

```
LOUIS COLE, JR.,                     )
                                     )
    Plaintiff,                       )
                                     )
v.                                   )
                                     )     No. 05-2644 Ma/P
CLEO, INC., and PAPER,               )
ALLIED-INDUSTRIAL, CHEMICAL AND      )
ENERGY WORKERS INTERNATIONAL UNION,  )
AFL-CIO and its LOCAL UNION No.      )
5-1766, Memphis, Tennessee,          )
                                     )
    Defendants.                      )
                                     )
```
_____

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CLEO, INC.'S MOTION TO DISMISS**
_____

Plaintiff Louis Cole, Jr. ("Cole") brings this action against Defendants Cleo, Inc. ("Cleo") and Paper, Allied-Industrial, Chemical and Energy Workers International Union, AFL-CIO and its Local Union No. 5-1766, Memphis, Tennessee, ("PACE") under § 301 of the Labor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. Cole also brings a claim for wrongful discharge under state law. Before the court is Cleo's Motion to Dismiss, filed on November 14, 2005. Cole filed a response on December 16, 2005. For the following reasons, Cleo's motion is GRANTED in part and DENIED in part.

1

**I. Background**

On April 3, 2002, Cleo and the PACE local entered into a collective bargaining agreement ("CBA") for the benefit of Cleo employees, including Cole. (Compl. ¶ 8.) The CBA included provisions establishing a procedure to appeal discharges. (Id. ¶ 9.) On September 8, 2004, Cleo discharged Cole, citing "Negligence Resulting in Damage or Destruction of Company Property" as the reason for the discharge. (Id. ¶ 10.) According to Cole, he protested the discharge to his union steward and filed a grievance, which was appealed to the final stage before arbitration. (Id. ¶ 11.) At this point, Cleo offered to reinstate Cole without backpay, but he declined the offer. (Id. ¶ 12.)

Cole alleges that he told Joe Bradley, an agent of PACE, that he wanted to go to arbitration, but that PACE allowed the period for demanding arbitration to lapse while allowing Cole to believe that the arbitration demand had been made. (Id.) Cole further alleges that PACE's actions were part of a conspiracy with Cleo to discharge Cole. (Id. ¶ 13.) Cole filed this complaint on September 8, 2005, seeking reinstatement with back pay and damages.

**II. Jurisdiction**

The court has jurisdiction to adjudicate federal claims under 28 U.S.C. § 1331. The court has supplemental jurisdiction under 28 U.S.C. § 1367(a) to adjudicate state law claims arising

from the same nucleus of operative facts as the federal claims.

**III. Standard for Dismissal Under Rule 12(b)(6)**

"Under the liberal notice pleading rules, a complaint need only put a party on notice of the claim being asserted against it to satisfy the federal rule requirement of stating a claim upon which relief can be granted." Memphis, Tenn. Area Local, Am. Postal Workers' Union, AFL-CIO v. City of Memphis, 361 F.3d 898, 902 (6th Cir. 2004). When considering a motion to dismiss for failure to state a claim, the court regards all factual allegations in the complaint as true. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). Further, the court must construe the complaint in the light most favorable to the plaintiffs. Memphis, Tenn. Area Local, Am. Postal Workers' Union, 361 F.3d at 902. If the plaintiff can prove no set of facts that would entitle him to relief based on a viable legal theory, the claim will be dismissed. Scheid, 859 F.2d at 437.

"The Federal Rules of Civil Procedure do not require a claimant to set out in detail all the facts upon which he bases his claim." Conley v. Gibson, 355 U.S. 41, 47 (1957). "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim." Wittstock v. Mark A. Van Sile, Inc., 330 F.3d 899, 902 (6th Cir. 2003).

**IV. Analysis**

Cleo asserts that Cole has failed to state a claim for wrongful discharge under Tennessee law. Cole does not dispute Cleo's assertion but states that he "withdraws his claim based upon wrongful termination." (Pl.'s Resp. 1.) Therefore, Cole's claim for wrongful discharge is dismissed.

Cleo also seeks the dismissal of Cole's claim under the LMRA as barred by the statute of limitations. Although Congress did not specify a limitations period in the LMRA, cases like this one that combine claims against an employer for discharge in violation of a CBA and against a union for violation of its duty of fair representation are subject to a six-month statute of limitations. DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 169 (1983). Cleo contends that the limitations period began to run on September 8, 2004, when Cole was discharged, and therefore, that the action should be dismissed as untimely because it was not filed until September 8, 2005.

Cole's cause of action did not, however, accrue when he was discharged. "[A] party is not required to sue on a hybrid claim until the arbitration panel renders its final decision, or until the party reasonably should know that the union has abandoned the party's claim." Wilson v. Int'l Bhd. of Teamsters, 83 F.3d 747, 757 (6th Cir. 1996) (citing Schoonover v. Consol. Freightways Corp., 49 F.3d 219, 221-22 (6th Cir. 1995)). Cole's claim was not arbitrated. Therefore, his cause of action accrued from the date

4

he reasonably should have known that PACE had abandoned his claim.

In his complaint, Cole alleges that, although PACE did not demand arbitration, PACE never told Cole that it was abandoning his claim, but led him to believe that it was pursuing his claim in arbitration and that a date had not been set. The complaint does not provide sufficient information for the court to determine the date on which Cole's claim accrued. Given that the court must regard the allegations in the complaint as true, however, the court cannot find that Cole reasonably should have known that PACE had abandoned his claim before March 8, 2005. Therefore, the court cannot find that Cole's complaint was untimely, and Cleo's Motion to Dismiss is denied as to Cole's claim under the LMRA.

## V. Conclusion

Defendant Cleo, Inc.'s Motion to Dismiss is GRANTED as to the state claim for wrongful discharge and DENIED as to the claim under § 301 of the Labor-Management Relations Act.

So ordered this 23rd day of May 2006.

s/Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE